United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NAAC MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1, its assignees and/or successors in interest<br><br>Plaintiff,<br>v.<br><br>ARACELI ARREOLA, VICTOR VALENZUELA, OFELIA S. VALENZUELA, AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No.: 12-CV-01539-LHK<br><br>ORDER REMANDING UNLAWFUL DETAINER ACTION TO SANTA CLARA COUNTY SUPERIOR COURT AND DENYING MOTION FOR SANCTIONS |

Araceli Arreola, Victor Valenzuela, and Ofelia Valenzuela ("Defendants") have filed a notice of removal of their Santa Clara County Superior Court unlawful detainer action to this Court. *See* ECF No. 1. HSBC Bank USA ("Plaintiff") has moved to remand the case to state court and seeks attorneys' fees because this is Defendants' second attempt to remove this action from state court. ECF Nos. 5 & 16. The deadline to file a response has passed, and therefore Plaintiff's motion is unopposed. *See* Civil L.R. 7-3(a). Pursuant to Civil Local Rule 7-1(b), the Court finds that Plaintiff's motion is suitable for decision without oral argument. Accordingly, the motion hearing and case management conference set for July 26, 2012 are VACATED.

**A. Remand to State Court**

1

Case No.: 12-CV-01539-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION

In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Defendants allege, as the basis for removal, that this court has subject matter jurisdiction based on both federal question jurisdiction and diversity jurisdiction. *See* Notice of Removal at 2, ECF No. 1.

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law, if based on the "well-pleaded complaint," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S.Ct. 1262, 1271 (2009). A review of the original complaint filed in state court discloses no federal statutory or constitutional question. An unlawful detainer cause of action such as the one asserted here does not raise a federal question. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 U.S. Dist. LEXIS 8018, 2011 WL 204322, at * 2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (1977) (remanding unlawful detainer action to state court based on lack of federal question jurisdiction); *Partners v. Gonzalez*, 2010 U.S. Dist. LEXIS 95714, at * 2-3 (N.D. Cal. Aug. 30, 2010) (same). Moreover, it is well-settled that a case may not be removed to federal court on the basis of a federal defense. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Thus, to the extent Defendants' defenses or counterclaims to the unlawful detainer action are based on alleged violations of federal law, those allegations do not provide a basis for federal jurisdiction.

The Court also determines that it does not have diversity jurisdiction over this matter. For one, Defendants have not established that the amount-in-controversy requirement is met. *See* 28 U.S.C. § 1332. Plaintiff filed its action as a "Limited Civil Case" in which the amount demanded "[d]oes not exceed $25,000." *See* Complaint, ECF No. 5-1. Where, as here, a plaintiff specifically alleges that the amount in controversy is less than the jurisdictional threshold, a defendant has the burden of showing with legal certainty that the amount in controversy exceeds $75,000. *See Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)). The Court

concludes that Defendants have not demonstrated to a legal certainty that the amount in controversy exceeds $75,000.  Second, because Defendants are citizens of California, they may not remove this action to federal court based on diversity jurisdiction.  *See* Notice of Removal at 3, ECF No. 1; 28 U.S.C. § 1441(b) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  Accordingly, this Court lacks subject matter jurisdiction over this matter, and this case should be remanded to state court.

### B. Sanctions

Plaintiff HSBC also seeks sanctions pursuant to Federal Rule of Civil Procedure 11 because this is the second time that Defendants have attempted to remove this unlawful detainer action from state court.  Mot. to Remand at 6-7.  Judge Jeffrey White previously found that the federal court lacked jurisdiction because the unlawful detainer complaint failed to establish either federal question jurisdiction or diversity jurisdiction.  *See* Order Granting Motion to Remand, *HSBC Bank USA v. Arreola*, 12-CV-00292-JSW, ECF No. 20.

Pro se litigants, like represented parties and attorneys are subject to Rule 11 sanctions.  Fed. R. Civ. P. 11(b); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989).  However, the Court must take into account a plaintiff's pro se status when determining whether to impose sanctions because what is objectively reasonable for a pro se litigant and for an attorney may not be the same.  *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).  A court can consider Plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions.  *Id.* at 1390.  A court's "discretion acknowledges that (1) what is objectively reasonable for a pro se litigant and for an attorney may not be the same, and (2) the pro se status of a violator may be relevant to the court's discretionary choice of the appropriate sanction in a given case."  *Bus. Guides, Inc.,* 892 F.2d at 811.

In this case, the Court declines to impose sanctions against Defendants based on Rule 11.  First, Plaintiffs have failed to comply with the procedural requirements of Rule 11(c)(2), which requires that a motion for sanctions "must be made separately from any other motion."  Plaintiffs'

3
Case No.: 12-CV-01539-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION

1  motion for sanctions was incorporated into its motion to remand, and therefore is procedurally
2  defective.  Additionally, the Court weighs heavily the pro se status of the Defendants in this case,
3  and the likelihood that they are unable to pay the amount requested.  *See, e.g. Warren*, 29 F.3d at
4  1390.  However, Defendants are on notice that any future attempts to remove this unlawful detainer
5  action to federal court may lead to sanctions, including Plaintiff's attorneys' fees incurred in
6  moving to remand the action back to state court.

7  Accordingly, the Court declines to award sanctions against Defendants.  This case is
8  REMANDED to Santa Clara County Superior Court.  The Clerk shall close the file.

9  **IT IS SO ORDERED.**

10  Dated: June 12, 2012

   _____
   LUCY H. KOH
   United States District Judge

4
Case No.: 12-CV-01539-LHK
ORDER REMANDING UNLAWFUL DETAINER ACTION